John G. Yslas (Cal. State Bar No. 187324)
john.yslas@wilshirelawfirm.com
Eugene Zinovyev (Cal. State Bar No. 267245)
Eugene.zinovyev@wilshirelawfirm.com
John Brown (Cal. State Bar No. 233605)
John.brown@wilshirelawfirm.com
Gabriella Solé (Cal. State Bar No. 346164)
Gabriella.sole@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff, the Class, and the Collective*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ANNA BUNTJER, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

ADOBE, INC.; and TALENTBURST, INC.

Defendants.

Case No. 5:26-cv-2019

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Plaintiff Anna Buntjer ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges as follows:

## SUMMARY OF CLAIMS

1. This is a Class and Collective action brought by Plaintiff against Adobe, Inc., Talentburst, Inc., ("Defendants") alleging violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.; and Cal. Bus. & Prof. Code § 17200 *et seq*.; on behalf of themselves and all similarly situated employees nationwide.

2. Defendant Adobe, Inc. is a multinational computer software company specializing in content creation, publishing, and digital experience software.

3. Defendant Talentburst, Inc. is a staffing, recruiting, and workforce management company.

4. As a result of Defendants' policies, patterns, and practices, female employees of Defendants receive less compensation and are promoted less frequently than their male counterparts.

5. In addition to bringing this action on Plaintiff's own behalf, Plaintiff also brings this action on behalf of a Class of similarly situated current and former female employees of Defendants in the United States, in order to end Defendants discriminatory practices and make these Classes whole.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts federal claims under the EPA and Title VII.

7. This Court has personal jurisdiction over Defendants. There is general jurisdiction over Defendants, as Defendants' corporate headquarters are located in this District in Northern California, Defendants conduct substantial business throughout this District and in the State of California, and Defendants employ thousands of workers in the State.

8. Declaratory and injunctive relief is sought and authorized by 28 U.S.C. §§ 2201 and 2202.

///

///

## JURISDICTION

9. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1343, in that this is a civil action arising under the Equal Pay Act, 29 U.S.C. § 206(d), et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Jurisdiction over the Cal. Bus. & Prof. Code § 17200 *et seq*. claims is based on 28 U.S.C. § 1367, because the state law claims are so related to the federal claims that they form part of the same case or controversy. The Court likewise possesses subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The aggregate claims of all members of the proposed Classes exceed $5 million, exclusive of interest and costs, and each have more than 100 putative Class members. Plaintiff and some members of the proposed Classes are citizens of states different than Plaintiff.

10. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 13, 2025, and has received Notice of Right to Sue Letters. A true and correct copy of Plaintiff's Notice of Right to Sue Letters are attached as Exhibit A1 and Exhibit A2.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c), because Defendants maintain offices in this District, conduct business in this District, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District, and records relevant to those events and omissions are maintained and administered here.

12. Venue is also proper in this judicial district under 42 U.S.C. § 2000e–5(f)(3) because the employment practices alleged in this complaint were committed in this District and Defendants administer the employment records relevant to such practices here.

## DIVISIONAL ASSIGNMENT

13. Assignment to the San Jose Division is appropriate because a substantial part of the events or omissions that give rise to the claims asserted herein occurred in San Jose County, where Defendant Adobe, Inc is based.

///

///

///

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## THE PARTIES

**Plaintiff**

14. Plaintiff Anna Buntjer is a female employee who was employed by Defendants as a SMB Licensing Lead in America from approximately June 2024 to approximately May 2025.

**Defendants**

15. Defendant Adobe, Inc. is a corporation formed under the laws of the State of California with its corporate headquarters in the city of San Jose, California. Upon information and belief, Defendant's California headquarters maintain control, oversight, and direction over the operation of its facilities, including its employment practices.

16. Defendant Talentburst, Inc. is a Delaware corporation.

17. During all relevant times, Defendants were Plaintiff's employers within the meaning of all applicable statutes.

18. At all pertinent times, Defendants have employed more than 500 people.

19. Plaintiff is informed and believes and thereon allege that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all other Defendants, and/or all Defendants were joint employers.

## FACTUAL ALLEGATIONS

20. Plaintiff was hired by TalentBurst, Inc. and performed work for Adobe, Inc. Plaintiff began working with Defendants as a Scale Licensing Lead in America and was soon promoted to SMB Licensing Lead in America.

///

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

21. Plaintiff was informed by her manager Maurice D. that she was getting paid less than her male counterpart for substantially equal work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

22. Defendants maintain uniform employment, compensation, and promotion policies throughout the United States.

23. On information and belief, throughout the Class and Collective Period, Defendants have maintained and continues to maintain a centrally determined and uniformly applied policy and/or practice of paying its female employees less than male employees for equal similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

24. On information and belief, throughout the Class and Collective Period, regardless of the offices to which they report, and whether employees work remotely or in person, Defendants' female employees have performed, from the beginning of the Class and Collective Period through the present, equal similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions. Throughout the Class and Collective Period, Defendants have paid women including the named Plaintiff, less than men in the same job position and level, even though under Defendants' Classification system, persons in the same job positions and level performed equal similar work.

25. On information and belief, throughout the Class and Collective Period, Defendants cultivate and promote a common corporate culture. Defendants' offices throughout the United States use a common organizational structure, organizing employees by common job titles.

26. Defendants have used common, unvalidated, unreliable, and discriminatory procedures for evaluating employee performance that systematically undervalued female employees relative to their similarly situated male peers.

27. On information and belief, throughout the Class and Collective Period, Defendants have paid female employees less compensation (including but not limited to salary, compensation, bonus, other cash compensation, equity [e.g., stock, options, etc.], benefits, and other wages and/or other compensation) than it paid to their male counterparts.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

28. On information and belief, throughout the Class and Collective Period, Defendants have set initial compensation for females lower than male employees. To the extent it is the only variable responsible for a gap in compensation based on gender, it is discriminatory. In particular, this practice has disadvantaged women, who are generally paid less than men in the same occupation in the marketplace. In addition, inequity in compensation based on gender compounds over time because periodic compensation decisions, such as compensation increases, are affected by current compensation and salary/ compensation band.

29. On information and belief, throughout the Class and Collective Period, raises at Defendants perpetuate and widen the gender pay gap because they are based on a percentage of the employees' existing base salary/ compensation. In addition, inequity in compensation based on gender compounds over time because periodic compensation decisions, such as compensation increases, are affected by current compensation and salary/ compensation band.

30. Furthermore, Defendants' employees receive compensation in the form of benefits, such as health care (e.g., medical, dental, vision) benefits, retirement benefits (e.g., 401(k) plans), and disability benefits. On information and belief, Defendants have awarded benefits disproportionately to male employees over women employees. Because female employees have been paid less than men in the same occupation, the benefits they receive are impacted and disproportionate to male employees, over women employees.

31. Defendants' uniform nation-wide employment practices have had a disparate impact against female employees, in terms of compensation.

32. On information and belief, throughout the Class and Collective Period, Defendants also employ common, unvalidated, unreliable, and discriminatory procedures for selecting employees for promotion. Additionally, because promotions often cause increases in compensation, Defendants' promotion practices have caused and compounded compensation inequities that harm and have harmed Plaintiff and Class and Collective members.

33. As a result their strong work effort and performance, Plaintiff was promoted.

34. Furthermore, during the duration of her employment, Plaintiff was subjected to unwanted sexual and religious harassment in violation of Title VII.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

35. As just one of many examples, during her employment, Plaintiff's supervisor, Maurice D. repeatedly and pervasively made comments to Plaintiff about her physical appearance, including but not limited to how "beautiful" she was, how Plaintiff should wear her hair, how her eyelashes should appear and physically hugged and groped Plaintiff without her consent. Maurice D, also physically kissed Plaintiff without her consent.

36. The supervisor also repeatedly made frequent inappropriate and religiously harassing comments to Plaintiff, including but not limited to references to his LDS faith. Plaintiff does not practice the LDS faith. In addition, Plaintiff's supervisor would say that he would he would pray for Plaintiff, that Plaintiff should ask him for blessing and that Plaintiff could come to him for religious guidance or prayers. Plaintiff's supervisor also made disparaging remarks about her family in the context of instructing her to seek spiritual guidance from him.

37. The above religious and sexual harassment created a hostile work environment.

38. Plaintiff complained about her supervisors conduct orally and in writing to Defendants, and Defendants substantiated the findings.

39. Despite this Plaintiff faced retaliation for complaining about the above sexual, religious and equal pay issues. Such retaliation included delays in her pay, a hostile work environment and, ultimately, Defendant Adobe terminated Plaintiffs employment despite her stellar work performance.

## COLLECTIVE ACTION ALLEGATIONS

40. Defendants have in systemic gender discrimination in pay against its female employees. Defendants have caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and performance management policies, and centralized decision-making with respect to pay.

41. Plaintiff seeks to be appointed as representatives of the Collective.

42. Plaintiff brings Collective EPA claims pursuant to 29 U.S.C. § 216(b) seeking liability-phase injunctive and declaratory relief, monetary damages and other make-whole relief on behalf of the following ("Collective" and "Collective Period"):

**All current and former female employees who were paid less than male employees doing the same or similar work from three years prior to the filing of the initial Complaint to the present.**

43. Plaintiff and the Collective are similarly situated in that she is a female employee at Defendants and have been affected by policies and practices that have the purpose and effect of denying them employment opportunities because of her gender. These policies and practices result in unequal pay based on sex by failing to compensate members of the Collective at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

44. Plaintiff and the Collective have been paid less than male colleagues in the same establishment for work requiring equal skill, effort, and responsibility and performed under similar working conditions. This unequal pay is not justified by seniority, a merit system, a system that measures earnings by quality or quantity of production, or any factor other than sex.

45. There are many similarly situated Collective members who would benefit from the issuance of a court-supervised notice and the opportunity to join the present lawsuit. Notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

46. Questions of law and fact common to Plaintiff and the Collective include, but are not limited to, the following:

(a) Whether members of the Collective were subjected to an unlawful common policy that resulted in unequal pay for equal work;

(b) Whether Defendants unlawfully failed and continues to fail to compensate members of the Collective at a level commensurate with similarly situated male employees;

(c) Whether Defendants' policy, practice, or procedure of failing to compensate members of the Collective at levels commensurate with comparable male employees violates applicable provisions of the EPA; and

///

///

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

(d) Whether Defendants' failure to compensate members of the Collective at a level commensurate with comparable male employees was willful within the meaning of the EPA.

47. Counts for violation of the EPA may be brought and maintained as an "opt-in" Collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by the Plaintiff, because her claims are similar to the claims of the Collective she seeks to represent.

48. Defendants are aware or should have been aware that federal law requires them to pay their female employees at a rate commensurate to that of male employees performing substantially equal work.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings a Class action on behalf of a nation-wide Class ("Title VII Class") of:

**Female employees who work or worked for Defendants and who were subjected to systemic discrimination by Defendants due to their gender or sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.**

50. Further, Plaintiff brings a Class action on behalf of herself and on behalf of the following proposed Class for violations of the Unfair Business Practices Act ("Class" and "Class Period"):

**All women employed by who worked for Defendants at any time during the time period between beginning four years before the filing of the initial complaint in this Action through the date of trial in this Action.**

51. This Action is appropriately suited for a Class Action because:

52. The proposed Class is numerous and ascertainable. The proposed Class includes more than 500 current and former female employees of Defendants. Joinder of all Class Members would be impractical.

53. This action involves questions of law and fact common to Plaintiff and all Class Members which predominate over any individual issues, including but not limited to: Defendants' business practices of paying female employees less than male employees for substantially equal

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

work, of assigning and keeping female employees in lower levels and less highly compensated job ladders than similarly-qualified male employees, and of failing to promote female employees caused harm to Plaintiff and other Class Members outweigh any reason Defendants may have for doing so. Defendants' business practices as alleged herein are also immoral, unethical, oppressive, unscrupulous, and offensive to the established public policies of ensuring women are paid equally to male individuals for performing substantially equal work. These common questions of law and fact predominate over any questions affecting only individual Class Members in this action.

54. Plaintiff's claims are typical of putative Class Members' claims because she is a woman who is employed by Defendants during the Class Period, and, on information and belief, was paid less than male employees for substantially equal work.

55. Plaintiff is able to fairly and adequately protect the interests of all members of the Class because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation due to the Class for all work performed, and to obtain injunctive relief to protect the Class from further discriminatory wage rates going forward. Plaintiff has selected counsel who have the requisite resources and ability to prosecute this case as a Class Action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues, including in Class actions.

56. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Classes, and because a Class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Nationwide Class members have been damaged and are entitled to recovery as a result of Defendants' common, unfair, and discriminatory policies and practices. Defendants have computerized payroll data and personnel data that will make calculation of damages for specific Class members relatively simple. The propriety and amount of punitive damages are based on Defendants' common conduct, making these issues common to the Classes.

///

///

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

**FIRST CLAIM FOR RELIEF**

**Equal Pay Act (The Fair Labor Standards Act of 1938,**

**as amended by The Equal Pay Act, 29 U.S.C. §§ 206, *et seq*.)**

**(On Behalf of Plaintiff and the Proposed Collective)**

57. Plaintiff re-alleges and incorporate the preceding paragraphs as alleged above.

58. Defendants have discriminated against Plaintiff and the Collective in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, et seq., as amended by the Equal Pay Act of 1963 ("EPA"). Defendants have paid Plaintiff and the Collective less than similarly-situated male colleagues performing equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

59. The differential in pay between male and female employees was not due to seniority, merit, quantity, or quality of production, but was due to gender. Defendants did not act in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA. Moreover, the foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendants have willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255(a).

60. As a direct result of Defendants' discriminatory policies and/or practices as described above, female employees have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

61. Plaintiff requests relief as hereinafter described.

**SECOND CLAIM FOR RELIEF**

**Discrimination**

**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.,**

**as amended by the Lilly Ledbetter Fair Pay Act of 2009)**

**(On Behalf of Plaintiff and the Title VII Class)**

62. Plaintiff re-alleges and incorporate the preceding paragraphs as alleged above.

///

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

63. Defendants have engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its female employees. Defendants have intentionally discriminated against female employees in violation of Title VII by, among other things:

(a) Utilizing a biased compensation system;

(b) Utilizing a biased promotion system; and

(c) Failing to take reasonable and adequate steps to prevent and correct the use of unreliable, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

64. These company-wide policies are intended to and do have the effect of:

(a) Denying female employees business opportunities because of their gender;

(b) Compensating them less because of their gender;

(c) Failing to promote them because of their gender;

(d) Evaluating their performance more negatively because of their gender; and

65. Defendants' reliance on illegitimate and unvalidated systems and criteria to set compensation, select individuals for promotion, and determine other terms and conditions of employment, also have an adverse impact on female employees in violation of Title VII and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

66. The discriminatory acts that constitute Defendants' pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

67. As a direct result of Defendants' discriminatory policies and/or practices as described above, female employees have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

68. The foregoing conduct constitutes illegal, unjustified disparate treatment and disparate impact on female employees in violation of 42 U.S.C. § 2000e *et seq*.

69. Plaintiff requests relief as hereinafter described.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## THIRD CLAIM FOR RELIEF

## Sexual Harassment

## (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Lilly Ledbetter Fair Pay Act of 2009)

## (On Behalf of Plaintiff)

70. Plaintiff re-alleges and incorporate the preceding paragraphs as alleged above.

71. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination on the basis of sex in relation to the terms, benefits, and conditions of employment.

72. The workplace harassment Plaintiff experienced was unwelcome, unwanted, frequent, severe, and pervasive conduct based on her sex. The workplace harassment Plaintiff was subjected to constituted a hostile work environment. Plaintiff timely complained about the harassing conduct and provided Defendants with a reasonable opportunity to prevent further acts of harassment.

73. Defendants knew or reasonably should have known Plaintiff's supervisor. was engaging in unlawful and offensive behavior, as alleged herein.

74. Defendants had a duty to maintain a workplace free from harassment.

75. Notwithstanding its duty, Defendants failed to take sufficient action to maintain a workplace free from harassment and failed to promptly correct and prevent the workplace harassment described herein.

76. Defendants failed to establish, monitor, and enforce an effective anti-harassment policy, had no clear and effective mechanism in place for reporting sexual harassment, and knowingly or negligently failed to supervise its employees in a manner that would prevent the harassment, intimidation, and retaliation Plaintiff experienced.

77. The workplace harassment altered Plaintiff's work environment and made it more difficult for Plaintiff to perform her work duties, and Defendants failed to remedy or prevent a hostile or offensive work environment of which management-level employees knew.

78. The workplace harassment also caused Plaintiff to suffer severe emotional distress.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

79. Defendants are absolutely liable for the supervisor's harassment of Plaintiff that culminated to a tangible adverse employment action against Plaintiff

80. Defendants' actions or inactions have directly and proximately caused Plaintiff to experience substantial past and future economic loss, including lost wages, damage to her career and professional reputation, and severe humiliation and emotional distress in an amount to be calculated and disclosed during the discovery process.

81. Plaintiff also seeks recovery of her reasonable attorney's fees and court costs.

**FOURTH CLAIM FOR RELIEF**

**Religious Harassment**

**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Lilly Ledbetter Fair Pay Act of 2009)**

**(On Behalf of Plaintiff)**

82. Plaintiff refers to the preceding paragraphs and incorporates those allegations herein by reference.

83. Title VII prohibits workplace discrimination against employees on the basis of religion.

84. The workplace harassment Plaintiff experienced was unwelcome, frequent, severe, pervasive, and created a hostile work environment.

85. The workplace harassment altered Plaintiff's work environment and made it more difficult for Plaintiff to perform and complete assigned tasks.

86. The workplace harassment also caused Plaintiff to suffer severe emotional distress.

87. Defendants were a under a duty to maintain a workplace free from religious-based harassment. Defendants breached this duty when it failed to timely correct and prevent the workplace harassment described herein.

88. Defendants' breach of its duty to timely correct and prevent harassment constitutes negligence and makes Defendants liable to Plaintiff for his damages alleged herein.

///

89. Defendants maintained, fostered, participated in, and/or ratified a hostile work environment where religious-based intimidation was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment.

90. The workplace harassment Plaintiff was subjected to—along with Defendants' failure to promptly correct and/or prevent the harassment—resulted in a tangible adverse employment action, and Defendants are strictly liable to Plaintiff.

91. Defendants' acts and omissions detailed herein have directly and proximately caused Plaintiff to incur past and future economic loss, including lost wages, harm to Plaintiff's career, reputation, and earning potential, and severe emotional distress. Plaintiff seeks recovery of these damages in an amount to be proven at trial.

92. Plaintiff also seeks recovery of his reasonable attorney's fees and court costs.

**FIFTH CLAIM FOR RELIEF**

**Unlawful and Unfair Business Practices**

**(Cal. Bus. And Prof. Code § 17200)**

**(On Behalf of Plaintiff and the Class)**

93. Plaintiff realleges and incorporate by reference all other paragraphs as alleged above.

94. Defendant's policies and/or practices of paying female employees and male employees for substantially equal work and of discriminating against female employees in compensation and the terms, conditions, and privileges of employment on the basis of their sex constitutes business practices because Defendants' acts and omissions as alleged herein have been done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and members of the Class. Defendants' acts and omissions, as alleged herein, violate the EPA, Title VII, and therefore constitute unlawful business practices prohibited by Business & Professions Code § 17200 et seq.

95. Defendants' acts and omissions, as alleged herein, constitute unfair business practices prohibited by Business & Professions Code § 17200 et seq. Defendants' business practices of paying female employees less than male employees for substantially equal work

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

caused harm to Plaintiff and members of the Class and Collective that outweighs any reason Defendants may have for doing so. Defendants' business practices as alleged herein are also immoral, unethical, oppressive, unscrupulous, and offensive to the established public policies of ensuring women are paid equally to male individuals for performing substantially equal work. As a result of its unlawful and/or unfair business practices, Defendants have reaped and continues to reap unfair and illegal profits at the expense of Plaintiff and the Class. Accordingly, Defendants should be disgorged of its illegal profits, and Plaintiff, the Class, and Collective are entitled to restitution with interest of such ill-gotten profits in an amount according to proof at the time of trial.

96. Defendants' unlawful and/or unfair business practices entitle employees to preliminary and permanent injunctive relief and other equitable relief available under law.

97. Plaintiff requests relief as hereinafter described.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## PRAYER FOR RELIEF

Plaintiff, the Class and the Collective pray for relief as follows:

(a) Certification of the case as a Class action on behalf of the proposed Classes;

(b) Designation of Plaintiff as representatives of the Classes;

(c) Designation of Plaintiff's counsel of record as Class Counsel for the Classes;

1) Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly situated members of the proposed Collective, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely Equal Protection Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

2) Toll the statute of limitations on the claims of all members of the proposed Collective from the date the original complaint was filed until the members of the proposed Collective are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt in;

///

(d) Designate Plaintiff and her counsel as representatives of the proposed Collective;

(e) Find Defendants' actions willful;

(f) Award Plaintiff and all others similarly situated compensatory damages, including back pay and a sum to compensate Plaintiff and the proposed Collective for any increased tax liability on a lump sum award;

(g) Award liquidated damages to Plaintiff and the proposed Collective;

(h) Award Plaintiff and the proposed Collective pre- and post-judgment interest

(i) and attorneys' fees, costs, and disbursements, as provided by law.

(j) Certify the proposed Class as a Class action pursuant to Federal Rule of Civil Procedure 23;

(k) Designate Plaintiff and her counsel as representatives of the proposed Class;

(l) Declare that Defendants' acts, conduct, policies and practices are unlawful and violate Title VII;

(m) Declare that Defendant engages in a pattern and practice of discrimination against female employees and employs policies and practices that have an unlawful disparate impact on female employees.

(n) Order Defendant to reform its discriminatory policies and practices;

(o) Award Plaintiff and all others similarly situated compensatory and punitive damages;

(p) Award Plaintiff and all others similarly situated the value of all compensation and benefits lost and that they will lose in the future as a result of Edward Jones' unlawful conduct;

(q) Award Plaintiff and all others similarly situated prejudgment interest and attorneys' fees, costs, and disbursements, as provided by law; and

(r) Award Plaintiff and all others similarly situated such other equitable, injunctive, and legal relief as this Court deems just and proper and end the discrimination and fairly compensate Plaintiff.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

(s) An order requiring Defendants to develop and institute accurate and validated standards for evaluating performance, determining pay, and making promotion decisions;

(t) An order appointing a monitor to ensure that Defendants comply with the injunction provisions of any decree that the Court orders;

(u) An order retaining jurisdiction over this action to ensure that Defendants comply with such a decree;

(v) All damages sustained as a result of Defendants' conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

(w) Liquidated damages;

(x) Restitution of all monies due to Plaintiff and Class members, as well as disgorgement of Defendants' profits from their unlawful and/or unfair business practices;

(y) Costs and expenses incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(z) Service awards for Plaintiff in recognition of the time and risk incurred in asserting these claims on behalf of the Class and Collective, and the value they have created by doing so;

(aa) Pre-judgment and post-judgment interest, as provided by law; and

(bb) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b), Plaintiff demands a trial by jury in this action.

///

///

///

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Respectfully submitted,

Dated: June 1, 2026

**WILSHIRE LAW FIRM**

By: */s/ Eugene Zinovyev*

John G. Yslas
Eugene Zinovyev
Gabriella Sole

Attorneys for Plaintiff, the Class, and the Collective

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

# EXHIBIT A1

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/20/2026

**To:** Annie Buntjer
4368 W Nash Ln
Herriman, UT 84096
Charge No: 35C-2025-00604

EEOC Representative and email: PATRICIA MINER
SUPERVISORY INVESTIGATOR
PATRICIA.MINER@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 35C-2025-00604.

On behalf of the Commission,

Melinda Caraballo
District Director

**Cc:**
David Reis
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center 10th Floor
San Francisco, CA 94111

Kara Arguello
Adobe Inc
345 Park Avenue
San Jose, CA 95110

Austin B Eagan Esq.
Stavros Law
8915 South 700 East, Ste. 202
Sandy, UT 84070

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 35C-2025-00604 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 35C-2025-00604 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT A2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/20/2026

**To:** Annie Buntjer
4368 W Nash Ln
Herriman, UT 84096
Charge No: 35C-2025-00605

EEOC Representative and email: PATRICIA MINER
SUPERVISORY INVESTIGATOR
PATRICIA.MINER@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 35C-2025-00605.

On behalf of the Commission,

Melinda Caraballo
District Director

**Cc:**
Chris Moon
Jackson Lewis PLLC
215 S. State St., Ste. 760
Salt Lake City, UT 84111

Director Human Resources
Talentburst Inc
679 Worcester Rd
Natick, MA 01760

Austin B Egan Esq.
Stavros Law
8915 South 700 East, Ste. 202
Sandy, UT 84070

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 35C-2025-00605 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 35C-2025-00605 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.